UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Mississippi River Revival, a
Minnesota nonprofit corporation,

    Plaintiff,

vs.

GAF Building Materials Corp.,
a Delaware corporation,

    Defendant.

Civil File No. 98-2713 RHK/JMM

---

**CONSENT DECREE**

---

WHEREAS, the Plaintiff Mississippi River Revival served a 60-day notice letter pursuant to 33 U.S.C. § 1365(c) on Defendant GAF Building Materials Corp. on January 20, 1998 and filed a complaint pursuant to 33 U.S.C. § 1365 on December 23, 1998 against Defendant alleging past and ongoing violations of the terms and conditions of Defendant's National Pollutant Discharge Elimination System / State Discharge System ("NPDES/SDS") Permit No. MN 0002119. The complaint sought declaratory and injunctive relief, civil penalties, costs and attorney and expert witness fees; and

WHEREAS, Defendant denies Plaintiff's claims and any liability or fault as to any of the alleged violations or matters arising out of the complaint; and

WHEREAS, Plaintiff and Defendant agree that settlement of these matters is in the best interest of the parties and the public, and that entry of this Consent Decree without additional litigation is the most appropriate means of resolving this action; and

FILED JUL 0 6 1999
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD JUL 0 6 1999
DEPUTY CLERK

260805-3

1

WHEREAS, Plaintiff and Defendant, by their authorized counsel and without trial or final adjudication of the issues of fact or law with respect to Plaintiff's claims and allegations, consent to the entry of this Decree in order to avoid litigation and to resolve the controversy between them.

NOW, THEREFORE, without trial of any issue of fact or law, and without admission by Defendant of the facts or violations alleged in the complaint, and upon consent of the parties and consideration of the mutual promises herein contained, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. This Court has jurisdiction over the parties and subject matter of this action pursuant to the Clean Water Act, 33 U.S.C. § 1365(a).

2. The undersigned representatives for each party certifies that s/he is fully authorized by the party represented to enter into the terms and conditions of this Decree and to legally bind that party to it.

3. This Decree shall apply to and be binding upon the parties and their representatives, agents, successors and assigns.

4. Building Materials Manufacturing Company, an affiliate of Defendant, operates an asphalt roofing product manufacturing plant in Minneapolis, Minnesota ("Minneapolis facility"), where it discharges non-contact cooling water and treated storm water runoff pursuant to NPDES/SDS Permit No. MN 0002119. The Minneapolis facility treats storm water and other surface water runoff with an oil/water separator tank prior to discharge and discharges the treated storm water through Outfall 020M.

5. Plaintiff has alleged in the complaint that discharges at Outfall 020M have exceeded and continue to exceed the parameters set forth in NPDES/SDS Permit No. MN 0002119. Defendant specifically denies these allegations and any liability or fault alleged in or arising out of Plaintiff's Complaint

6. In consideration of the mutual agreements contained herein, Defendant agrees to install a new oil/water separator unit at the Minneapolis facility by May 1, 1999. Prior to May 1, 1999, Defendant agrees in good faith to undertake its best efforts to comply with its NPDES/SDS Permit No. MN 0002119.

7. Within thirty (30) days of entry of this Consent Decree, Defendant agrees to contribute twenty-nine thousand ($29,000.00) to the Plaintiff. Plaintiff's mailing address is as follows:

> Mississippi River Revival
> P.O. Box 315
> Winona, Minnesota  55987-0315

Within thirty (30) days of receipt of funds, Plaintiff will transmit these funds to the Mississippi Corridor Neighborhood Coalition ("MCNC"), a group chosen by Plaintiff, for the following supplemental environmental projects:

a. MCNC shall use ten thousand dollars ($10,000.00) for a Public Education and Hands-On Citizen Involvement Program in North and Northeast Minneapolis. The project shall include environmental and historical displays and publications about the Mississippi River, and provide opportunities for increased citizen participation through river clean ups and habitat enhancement efforts.

b. MCNC shall use nineteen thousand dollars ($19,000.00) for a Citizen Water Quality Study of the

Minneapolis portion of the Mississippi River to assess the ecological health of the river using existing data and citizen water quality monitoring efforts to identify areas for water quality improvement. MCNC shall work in a cooperative effort with the Mississippi River Revival and the MPCA's Section 303(d) and Biological Monitoring Staff in undertaking this Study.

c. MCNC shall provide the following reports to the parties: within thirty (30) days of receipt of funds and prior to commencing work, MCNC shall submit to the parties hereto for review and written approval a plan outlining the proposed study ("Plan"). MCNC must receive written approval of its Plan from the parties before expending any funds to implement the Plan. Within one (1) year of approval of the Plan, MCNC shall submit to the parties hereto a summary of the status and result(s) of the supplemental environmental project.

8. This Consent Decree constitutes a full and complete settlement of all claims alleged or which could have been alleged in the complaint relating to NPDES/SDS Permit No. MN 0002119 through May 1, 1999. This Consent Decree is determined to be in the public interest and an appropriate resolution of Plaintiff's complaint and the matters alleged herein. The parties hereby release each other from any and all claims of the parties based on the facts that were alleged or could have been alleged in the complaint.

9. This Consent Decree shall not constitute evidence in any proceeding, an admission or adjudication with respect to any matter alleged in or arising out of the complaint, or the admission or

evidence of any wrongdoing or misconduct on the part of the Defendant, which wrongdoing or misconduct Defendant specifically denies.

10. If either party should fail to perform any action required by this Decree, the other party will have the right to bring a motion before this Court to enforce this Consent Decree.

11. For the period two (2) years from entry of this Consent Decree, Defendant shall send to Plaintiff copies of the following documents relevant to NPDES/SDS Permit No. MN 0002119: all Discharge Monitoring Reports, correspondence with the MPCA and/or the U.S. EPA, and permit applications and permit reissuance correspondence with the MPCA and/or the U.S. EPA. Plaintiff's mailing address is set forth in Paragraph 7.

12. Plaintiff may be entitled under the Clean Water Act, 33 U.S.C. 1365(d)(2), to an award of costs of this litigation, including reasonable attorney's and expert witness fees, which allegation Defendant specifically denies. Within thirty (30) days of entry of this Consent Decree, Defendant will pay Plaintiff twenty thousand dollars ($20,000.00) for reasonable attorney fees and costs. Such payment shall constitute full and complete satisfaction of all fees and costs, but this paragraph shall not limit the right of either party to seek attorney fees and costs for enforcement of this Consent Decree. Payment pursuant to this Paragraph shall be made to Lockridge Grindal Nauen & Holstein P.L.L.P. at the following address:

> Charles N. Nauen, Esq.
> Lockridge Grindal Nauen & Holstein P.L.L.P.
> Suite 2200
> 100 Washington Avenue South
> Minneapolis, Minnesota  55401

13. This Consent Decree may be modified only by written agreement of the parties and with approval of the Court.

14. Judicially developed concepts of _force majeure_ are applicable to performance of this Consent Decree.

15. For twenty-four (24) months after entering this Consent Decree, the Court shall retain jurisdiction over this matter for the purpose of enforcing compliance with the terms of this Decree. This Consent Decree shall terminate twenty-four (24) months after its entry.

16. This Consent Decree may be signed in counterpart.

**FOR THE PLAINTIFF MISSISSIPPI RIVER REVIVAL:**

Dated: 4/24, 1999        MISSISSIPPI RIVER REVIVAL

By: _____
Solomon Simon
Executive Director

Dated: May 7, 1999       LOCKRIDGE GRINDAL
                         NAUEN & HOLSTEIN P.L.L.P.

By: _____
Charles N. Nauen, #121216
Christian M. Sande, #026474X
Suite 2200
100 Washington Avenue South
Minneapolis, Minnesota  55401
Telephone:     (612) 339-6900
Facsimile:     (612) 339-0981

**Attorneys for Plaintiff
Mississippi River Revival.**

260805-3

6

**FOR DEFENDANT GAF BUILDING MATERIALS, CORP.:**

Dated: 5/4, 1999          GAF BUILDING MATERIALS CORP.

                          By: /s/ Phil Bennett
                              Philip Bennett
                          Its: Plant Manager

Dated: 5/5, 1999          OPPENHEIMER WOLFF & DONNELLY LLP

                          By: /s/ Thaddeus R. Lightfoot
                              Thaddeus R. Lightfoot, #024594X
                          Plaza VII, Suite 3400
                          45 South Seventh Street
                          Minneapolis, Minnesota  55402-1609
                          Telephone:    (612) 607-7405
                          Facsimile:    (612) 607-7100

                          **Attorneys for Defendant**
                          **GAF Building Materials Corp.**

260805-3                           7


**IT IS SO ORDERED. JUDGMENT IS ENTERED IN ACCORDANCE WITH THE FOREGOING CONSENT DECREE THIS** 6it **DAY OF** July **1999.**

The Honorable Richard H. Kyle
United States District Court Judge